UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **NICHOLAS VONTZ**, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br> **MEDICAL STAFF EMPLOYED BY THE MONROE COUNTY JAIL**, <br><br>　　　　Defendants. | 2:19-cv-12735-TGB-PTM <br><br> **ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT** |

　　This is a pro se prisoner civil rights case for money damages under 42 U.S.C. § 1983. On September 19, 2019, plaintiff Nicholas Vontz, a state prisoner at the Brooks Correctional Facility in Muskegon Heights, Michigan, filed a complaint and a motion for appointment of counsel. The defendants named in the complaint were: the Monroe County Sheriff's Department in Monroe, Michigan; the Monroe County Sheriff; the Monroe County Undersheriff; and the medical staff at the Monroe County Jail. Plaintiff alleged in his complaint that, in 2018, while he was housed as a pretrial detainee in the Monroe County Jail, the defendants were deliberately indifferent to his serious mental health problems.

　　On December 3, 2019, United States District Judge Avern Cohn dismissed the county sheriff's department, the sheriff, and the undersheriff because Plaintiff had not stated a plausible claim for relief

against those defendants. Judge Cohn, nevertheless, opined that Plaintiff had stated an arguable claim against the unnamed staff at the county jail during the dates in question. Judge Cohn also opined that the circumstances warranted appointment of counsel. Accordingly, Judge Cohn granted Plaintiff's motion for appointment of counsel and referred this case to the Court's pro bono program administrator so that counsel could be appointed to represent Plaintiff.

The case was reassigned to this Court on January 2, 2020. The Court recently learned that the pro bono program administrator was unable to secure counsel to represent Plaintiff.

Accordingly, because Plaintiff is not represented by counsel, the Court ORDERS him to file an amended complaint in which he identifies by name the members of the Monroe County medical staff who allegedly violated his constitutional rights while he was a pretrial detainee at the Monroe County Jail in 2018.

The Court further ORDERS Plaintiff to provide a current address for the defendants named in the amended complaint and to show what each defendant did to violate his constitutional rights. The Court is not obligated to actively seek the defendants' addresses so that service can be effectuated, *Fitts v. Sicker*, 232 F. App'x 436, 443-44 (6th Cir. 2007), and conclusory allegations about defendants, without any supporting facts, do not state a plausible claim for relief in a federal civil rights complaint. *Agema v. City of Allegan*, 826 F.3d 326, 333 (6th Cir. 2016);

2

*Harrington v. Grayson*, 811 F. Supp. 1221, 1227 (E.D. Mich. 1993). The plaintiff must show what *each* defendant did to violate his or her rights. *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002).

Finally, any failure to comply with this order within forty-five (45) days of the date of this order could result in a dismissal of the complaint for want of prosecution.

**SO ORDERED**.

DATED: June 2, 2020.

>BY THE COURT:
>
>/s/Terrence G. Berg
>TERRENCE G. BERG
>United States District Judge