UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS VONTZ,

      *Plaintiff*,

v.

JANE/JOHN DOES,

      *Defendants*.

_____/

CASE No. 2:19-cv-12735

DISTRICT JUDGE TERRENCE G. BERG
MAGISTRATE JUDGE PATRICIA T. MORRIS

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF No. 12)

*Pro se* Plaintiff, Nicholas Vontz, has filed the present Motion seeking leave to amend his Complaint. (ECF No. 12.) Plaintiff was ordered by this Court to amend his Complaint to include the identifying information of the defendants listed only as Doe. (ECF No. 8). While Plaintiff's proposed amended complaint does not provide that required information, because Defendants have not yet been served and for the reasons that follow, I **recommend** that the Court **GRANT** the Motion.

**I.**     **Report**

    **A.**     **Facts and Procedural History**

Plaintiff filed this prisoner civil rights case on September 19, 2019. (ECF No. 1.) This Court granted Plaintiff's application to proceed *in forma pauperis* (IFP). (ECF No. 5.) On December 3, 2019, Judge Cohn entered an order dismissing several defendants including the Monroe County Sheriff's Department, the Monroe County Sheriff, and the Monroe County

1

Undersheriff, but allowing the case to proceed against several unnamed John and Jane Doe defendants. (ECF No. 7.) That order also directed the appointment of counsel for Plaintiff and ordered that appointed counsel file an amended complaint within 30 days identifying the various John and Jane Doe defendants. (*Id*.)

The case was reassigned to Judge Berg on January 2, 2020, and on June 2, 2020, Judge Berg ordered that, after the Court's pro bono administrator was unable to secure counsel for Plaintiff, Plaintiff file an amended complaint within 45 days identifying and providing addresses for the unnamed John and Jane Doe defendants. (ECF No. 8.) The Court advised Plaintiff that "any failure to comply with this order within forty-five (45) days of the date of this order could result in a dismissal of the complaint for want of prosecution." (ECF No. 8, PageID.84.) This would have made Plaintiff's amended complaint due on July 17, 2020.

On July 12, 2020, (ECF No. 9), Plaintiff filed a Motion for an Extension of Time, seeking a six-month extension of time to obtain the required information about the unnamed defendants. He requests that this Court grant an extension of time so that he can "issue a subpoena duces tecum on Monroe County Sheriff Dale Malone to obtain the information necessary to amend his complaint" (*Id*. at PageID.86); he also filed a Motion to Serve a Subpoena Duces Tecum upon Sheriff Dale Malone. (ECF No. 10.) Both Motions were granted by this Court. Presently before the Court is Plaintiff's Motion to Amend his Complaint.

In Plaintiff's original Complaint, he alleged that he received improper medical care and attention in violation of the 8th Amendment. (ECF No. 1, PageID.5.) In February 2018, Plaintiff attempted suicide. Plaintiff was placed on "suicide watch" in an isolation cell and his requests to speak to the mental health staff went ignored. (*Id*. at PageID.7.) Plaintiff was released from

jail on February 7, 2018, but was arrested again, for the charges he is now incarcerated for, on March 9, 2018. (*Id*.) Plaintiff was again unable to speak to a mental health worker until March 20, 2018. (*Id*. at PageID.8.) He was denied counseling sessions or other treatment at that time. (*Id*.) Plaintiff did have a prescription for medication, however, and his dosage was increased beyond the limit set by the FDA; while he was taking this dosage of medication his family noticed him having trouble remembering things and thinking clearly. (*Id*. at PageID.9.) Plaintiff suggests that this "overdosing" of medication compromised his ability to "properly participate" in his defense. (*Id*.) Plaintiff contends that the medical staff were aware of his serious mental health issues but were deliberately indifferent to them. (*Id*. at PageID.9-10.)

In his proposed amended complaint, Plaintiff includes Sheriff Dale Malone as a Defendant, and identifies one of the Doe defendants as only "Joshua Unknown." (ECF No. 13, PageID.121.) Plaintiff includes additional detail regarding his medication and a severe anxiety attack that he suffered while on "suicide watch." (*Id*. at PageID.122.) Plaintiff identifies "Joshua Unknown" as the health care worker responsible for removing Plaintiff from "suicide watch" and placing him back in the general population. (*Id*.) Plaintiff alleges that "Joshua Unknown" was fully aware of his mental health issues. (*Id*.) He provides further detail regarding the increased dosage of his medication. (*Id*. at PageID.123-124.) Finally, he specifies the role of Sheriff Dale Malone in this action, and adds that the Sheriff "failed to adopt and implement adequate policies and/or/ encourages, condones or acquiesces in a custom of providing grossly inadequate mental health care which leads to, causes, or results in the deprivation of a constitutionally protected right." (*Id*. at PageID.125.)

**B.     Amending the Complaint**

On September 25, 2020, Plaintiff filed a Motion to File an Amended Complaint. (ECF No. 12.) Plaintiff's proposed amended complaint does not identify all the Does in his original complaint, as required by this Court (ECF No. 8); it does, however, seek to add Sheriff Dale Malone as a defendant, in both his personal and official capacities, and names one of the Doe defendants at least in part as "Joshua Unknown." (ECF No. 13, PageID.111.) Plaintiff also alleges, in an apparent attempt to cure the defect in his original complaint as noted in the December 3, 2019 Order, that the prison "policies" of which he complains were "adopted and implemented by Defendant Dale Malone." (*Id*. at PageID.112, 115; ECF No. 7, PageID.79.)

> Rule 15(a) of the Federal Rules of Civil Procedure provides:
>
> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a) "Amendments under Rule 15(a) can be made to cure a defective pleading, to correct insufficiently stated claims, to amplify a previously alleged claim, to change the nature or theory of the case, to state additional claims, to increase the amount of damages sought, to elect different remedies, or to add, substitute or drop parties to the action." *Peguese v. PNC Bank, N.A.*, 306 F.R.D. 540, 544 (E.D. Mich. 2015) (citation omitted). Plaintiff correctly points out that "no defendant has been served and no responsive pleading has been filed." (ECF No. 12, PageID.107.) Although this amended complaint comes well after, and certainly more than 21

4

days after, his original complaint, "[b]ecause defendants have not yet been served in this action, no defendant has answered plaintiff's original complaint or filed a motion under Rule 12. Thus, plaintiff may amend his complaint as a matter of course and his motion to amend is hereby [granted]." *McDougald v. Eaches*, No. 16-cv-900, 2017 WL 3142410, at *1 (S.D. Ohio Feb. 6, 2017) (*citing Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *3 (6th Cir. Jan. 23, 2009) (holding that "Rule 15(a) permits a plaintiff to file an amended complaint, without seeking leave from the court, at any time before a responsive pleading is served")). The same is true in this case.

Thus, I recommend granting the motion to amend.

## II. Recommendation

In light of the above analysis, I **RECOMMEND** that Plaintiff's motion be **GRANTED**. (ECF No. 12.)

## III. Review

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y*

5

*of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 14, 2020                S/ PATRICIA T. MORRIS
                                      Patricia T. Morris
                                      United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Nicholas Vontz #380134 at Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights, MI 494454.

Date: October 14, 2020                By s/ Kristen Castaneda
                                      Case Manager