UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS VONTZ,

    Plaintiff,

v.

DALE MONROE, JANE DOES,
and JOSHUA UNKNOWN,

    Defendants.

_____/

Case No. 2:19-cv-12735
District Judge Terrence G. Berg
Magistrate Judge Kimberly G. Altman

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND (ECF No. 23) AND DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT WITHIN TWENTY (20) DAYS

I.    Introduction

This is a civil rights case under 42 U.S.C. § 1983. On September 19, 2019, plaintiff Nicholas Vontz, a prisoner proceeding *pro se*, filed a complaint alleging that defendants violated his constitutional rights while he was a pretrial detainee. (ECF No. 1). As will be explained, Vontz previously moved and was granted leave to amend his complaint. *See* ECF Nos. 12, 13, 15, 22. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 18). Now before the Court is Vontz's second motion to amend the complaint.

1

(ECF No. 23).[1] For the reasons that follow, the motion will be GRANTED, and Vontz will be directed to file a second amended complaint within 20 days as described below.

## II. Background

Vontz initially filed a complaint against the Monroe County Sheriff's Department in Monroe, Michigan; the Monroe County Sheriff; the Monroe County Undersheriff; and unnamed medical staff at the Monroe County Jail. (ECF No. 1). The matter was assigned to the Honorable Avern Cohn, who issued a *sua sponte* order dismissing the Sheriff's Department, the Sheriff, and the Undersheriff, for failing to state a claim. (ECF No. 7, PageID.79).[2] Subsequently, the matter was reassigned to the Honorable Terrence G. Berg, who ordered Vontz to file an amended complaint identifying by name the members of the Monroe County medical staff who allegedly violated his constitutional rights while he was a pretrial detainee at the Monroe County Jail in 2018. (ECF No. 8).

On September 25, 2020, Vontz filed a motion to amend the complaint, (ECF No. 12), attaching the proposed amended complaint, (ECF No. 13), which did not

---

[1] A motion for leave to amend the complaint, when not in response to a motion to dismiss, is a non-dispositive matter. *Turner v. Farmer Jack*, No. CIV. 05-40292, 2006 WL 1235759, at *1 (E.D. Mich. May 8, 2006) (citing E.D. Mich. L.R. 7.1(d)(2)). Thus, the undersigned issues its ruling as an Order under 28 U.S.C. § 636(b)(1)(A). *Id*.

[2] The order also directed that Vontz be appointed counsel, but the Court's pro bono program administrator was unable to locate and secure counsel.

identify the unnamed medical staff, but attempted to cure the defect in his original complaint that caused Monroe County Sheriff Dale Malone to be dismissed.[3] Noting this, Magistrate Judge Patricia T. Morris recommended that the motion to amend be granted, (ECF No. 15), and on December 4, 2020, the Court adopted the recommendation, (ECF No. 22), making ECF No. 13 the operative complaint.

Meanwhile, on November 19, 2020, Vontz filed his second motion to amend the complaint, which is now before the Court. (ECF No. 23). He seeks to add Dr. Michael Mitcheff, Jamie Jackson, Stephanie Deneau, Rachel Bruner, and Ashley Wellman as defendants. (*Id.*, PageID.165). Vontz also filed a proposed amended complaint, which only contains allegations against these new defendants. (ECF No. 24).

III.   Analysis

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Rule 15(a)(1) allows a party to amend its pleading once, as a matter of course, and Vontz has already exercised this right. Rule 15(a)(2) allows that other amendments may be made with the court's leave, which the court should give freely when justice so requires. Regarding this, the Supreme Court has stated:

---

[3] The first amended complaint also contains allegations against a partially unnamed social worker dubbed Joshua Unknown, whom Vontz remains unable to identify.

3

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010). Rule 15(a) creates a liberal policy in favor of granting leave to amend and is meant to "reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982); *see also Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (reversing the grant of a motion to dismiss because the district court failed to properly consider claims alleged in a pending motion for leave to amend).

Vontz has previously been ordered to file an amended complaint "in which he identifies by name the members of the Monroe County medical staff who allegedly violated his constitutional rights while he was a pretrial detainee at the Monroe County Jail in 2018." (ECF No. 8). The motion before the Court does just that, and as it comes before any defendant has been served the complaint, it cannot be said to prejudice any of the defendants. As such, the Court will grant Vontz's motion to amend the complaint once more. However, as the proposed amended complaint appears to merely supplement the current operative complaint, adopting it would contravene Local Rule 15.1. *See Crawford v. Aerotek, Inc.*, No. 09-

4

12932, 2010 WL 11590748, at *2 (E.D. Mich. June 23, 2010). Thus, Vontz shall file a new amended complaint as described below within 20 days, naming every defendant in the matter and containing every allegation against each of them. Further, Vontz shall provide a current address for each named defendant.

### IV.   Conclusion

Vontz's second motion to amend the complaint (ECF No. 23) is GRANTED. Vontz shall file a second amended complaint within 20 days of this order. The second amended complaint shall name all of the defendants in the case caption, i.e. Sheriff Dale Malone, Dr. Michael Mitcheff, Jamie Jackson, Stephanie Deneau, Rachel Bruner, Ashley Wellman, and Joshua Unknown, and contain the names and addresses of each defendant as well as the allegations against each named defendant. Upon its filing, the Court will direct the U.S. Marshals to serve the complaint upon each identified defendant against whom allegations have been made.

**SO ORDERED.**

Dated: December 10, 2020              s/Kimberly G. Altman
Detroit, Michigan                     KIMBERLY G. ALTMAN
                                      United States Magistrate Judge

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within

which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 10, 2020.

                                              s/Marie E. Verlinde
                                              MARIE E. VERLINDE
                                              Case Manager