UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS VONTZ,

    Plaintiff,

v.

DALE MONROE, MICHAEL MITCHEFF, JAMIE JACKSON, STEPHANIE DENEAU, RACHEL BRUNER, ASHLEY WELLMAN, and JOSHUA UNKNOWN,

    Defendants.

Case No. 2:19-cv-12735
District Judge Terrence G. Berg
Magistrate Judge Kimberly G. Altman

_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 47)

I.

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff Nicholas Vontz, a prisoner proceeding *pro se*, filed an amended complaint alleging that defendants, Sheriff Dale Malone, Michael Mitcheff, Joshua Unknown,[1] Jamie Jackson, Rachel Bruner, Stephanie Deneau, and Ashley Wellman, violated his constitutional rights while he was a pretrial detainee. (ECF No. 27). Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 18). Vontz now

---

[1] A placeholder name for a social worker whose full identity is unknown.

1

moves for default judgment against defendants Bruner, Jackson, and Mitcheff for the reason that they have not filed an answer or response to the complaint within 60 days of waiver of service. (ECF No. 47). Because, however, defendants are not required to respond to the complaint under 42 U.S.C. § 1997e(g)(1), the undersigned recommends that Vontz's motion be denied.

## II.

Vontz is currently incarcerated in the Michigan Department of Correction's (MDOC) Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Michigan. (ECF No. 27, PageID.253). At all times relevant to the allegations in the operative complaint, he was incarcerated at the Macomb County Jail as a pretrial detainee. (*Id*.). On March 2, 2021, waivers of service were filed on behalf of Bruner, Jackson, and Mitcheff. (ECF Nos. 35, 36, 37).[2] On March 5, 2021, defense counsel filed their appearances on behalf of Bruner, Jackson, and Mitcheff. (ECF Nos. 34, 41, 43). To date, Bruner, Jackson, and Mitcheff have not filed answers or otherwise responded to the complaint.[3]

## III.

---

[2] Waivers were also filed on behalf of Stephanie Deneau Russeau and Ashley Wellman, (ECF Nos. 39, 42), and defense counsel filed appearances on their behalf. (ECF Nos. 38, 43).
[3] The only defendant that has done so is Sheriff Dale Malone, who filed an Answer on March 16, 2021. (ECF No. 45).

Lawsuits from incarcerated individuals are governed, in part, by 42 U.S.C. § 1997e. Subsection (g)(1) of that statute, entitled "Waiver of reply," states that "Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility," that "such waiver shall not constitute an admission of the allegations contained in the complaint," and that "[n]o relief shall be granted to the plaintiff unless a reply has been filed." The exception to this is that under subsection (g)(2), a court may require a defendant to reply to a complaint, but the Court has not done so here. This section has been interpreted to mean that an incarcerated plaintiff is not entitled to default judgment against defendants that have been properly served or waived service and have not filed an answer or other response. *See, e.g., Searcy v. Macomb Cty. Jail*, No. 2:10-CV-11242-DT, 2011 WL 7665794, at *1 (E.D. Mich. Sept. 21, 2011) (citing cases), *report and recommendation adopted*, 2012 WL 1230271 (E.D. Mich. Apr. 12, 2012).

Further, as defendants note, Vontz has not obtained a Clerk's entry of default, which is required before getting a default judgment. "It is clear that the entry of a default under Fed. R. Civ. P. 55(a) is a prerequisite to entry of a default judgment under Fed. R. Civ. P. 55(b)." *Farrell v. U.S. Bank Nat'l Ass'n*, No. 14-11781, 2014 WL 12658840, at *1 (E.D. Mich. June 30, 2014), *aff'd sub nom. Farrell v. US Bank Nat'l Ass'n*, 2014 WL 12658841 (E.D. Mich. Aug. 5,

2014) (citing *Lewis v. Detroit Pub. Sch.*, No. 12-11851, 2013 WL 5785777, at *2 (E.D. Mich. May 6, 2013)).  Indeed, the Clerk denied Vontz's request for entry of default, citing 42 U.S.C. § 1997e(g).  (ECF No. 50). Thus, entry of a default judgment is inappropriate for this additional reason.  *See Colston v. Cramer*, No. 07-CV-12726, 2008 WL 559579, at *2 (E.D. Mich. Feb. 26, 2008) (noting that the court follows "the majority of courts" holding that Rule 55 "requires a clerk's entry of default before a court can enter a default judgment.").

IV.

For the reasons stated above, the undersigned recommends that Vontz's motion for default judgment (ECF No. 47) be DENIED.

Dated: June 22, 2021  　　　　　　　　　　s/Kimberly G. Altman  
Detroit, Michigan  　　　　　　　　　　　 KIMBERLY G. ALTMAN  
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

4

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 22, 2021.

s/Marie E. Verlinde
MARIE E. VERLINDE
Case Manager
