UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS VONTZ,

    Plaintiff,

v.

DALE MALONE, MICHAEL
MITCHEFF, JAMIE JACKSON,
STEPHANIE DENEAU, RACHEL
BRUNER, ASHLEY WELLMAN,
and JOSHUA UNKNOWN,

    Defendants.

Case No. 2:19-cv-12735
District Judge Terrence G. Berg
Magistrate Judge Kimberly G. Altman

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (ECF No. 55)[1]

### I. Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Nicholas Vontz, proceeding *pro se*, filed an amended complaint alleging that defendants, Sheriff Dale Malone, Michael Mitcheff, Joshua Unknown,[2] Jamie Jackson, Rachel Bruner, Stephanie Deneau, and Ashley Wellman, violated his

---

[1] Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] A placeholder name for a social worker whose full identity is unknown.

1

constitutional rights while he was a pretrial detainee. (ECF No. 27). Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 18). Before the Court is Vontz's motion to compel Malone to respond to his interrogatories and requests for production of documents under Federal Rule of Civil Procedure 26(b). (ECF No. 55). For the reasons that follow, Vontz's motion will be is GRANTED IN PART and DENIED IN PART.

## II.   Background

As an initial matter, Vontz has attached his first request for production of documents as well as another discovery request including interrogatories and a request for documents to his motion. (ECF No. 55, PageID.595-600). However, he has not fully complied with Local Rule 37.2, which states that "(a)ny discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each ... request ... and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion." E.D. Mich. LR 37.2. Vontz has not indicated which requests or interrogatories have been responded or objected to. However, based on Malone's response, the Court can infer which requests are at issue and rule accordingly.

As to the substance of Vontz's motion, Malone states that, since the filing of his response, he has responded to Vontz's responsive discovery requests with the

exception of those withheld for privacy or security concerns. (ECF No. 59, PageID.702). Specifically, Malone withheld responses from Interrogatories 7, 9, and 10 and Requests for Production 4, 5, 6, 7, 8, 10, 11, and 12, attached as ECF No. 59-3 and ECF No. 59-4. (ECF No. 59, PageID.703). Malone believes that the information responsive to these requests falls into one of two categories: privileged medical information of non-parties, or information that could raise security concerns related to the Monroe County Jail.[3]

### III. Legal Standard

Fed. R. Civ. P. 26(b) provides as follows concerning the scope of discovery in a civil case:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

---

[3] Vontz is currently incarcerated in the Michigan Department of Correction's (MDOC) Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Michigan, but at all times relevant to the allegations in the operative complaint, he was incarcerated at the Macomb County Jail as a pretrial detainee. (ECF No. 27, PageID.253).

The Court has broad discretion over discovery matters. *Trepel v. Roadway Express, Inc.*, 194 F.3d 708 (6th Cir. 1999). Further, discovery is more liberal than even the trial setting, as Rule 26(b) allows information that "need not be admissible in evidence" to be discoverable. *See* Fed. R. Civ. P. 26(b)(1). However, the Court must also balance the "right to discovery with the need to prevent 'fishing expeditions.' " *Conti v. Am. Axle & Mfg., Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998)).

IV.   Analysis

A.  Requests for Production 10, 11, 12

In his first request for the production of documents, Vontz requested the following:

> 10. All reports, investigation notes, memorandums, [*sic*] or any other documents concerning suicides and or suicide attempts in the Monroe County Jail between the dates of Jan 1st 2014 and Dec 31st 2020;
>
> 11. All investigation requests, and or reports generated by an outside agency concerning mental health and or medical services at the Monroe County Jail between the dates of Jan 1st 2014 and Dec 31st 2020;
>
> 12. All grievances generated by inmates concerning mental health and or medical access between the dates of Jan 1st 2014 and Dec 31st 2020.

(ECF No. 59-3, PageID.733-734).

Malone objects to these requests as an overly broad fishing expedition, noting that the seven-year timeframe and lack of a specific mental health condition

4

or conditions are not narrowly tailored. Malone cites *Dyess v. Mullins*, No. 1:16-CV-910, 2017 WL 3838642, at *5 (S.D. Ohio Sept. 1, 2017), in which the court found it "unclear how unrelated complaints over the years from other inmates would have any relevance to Plaintiff's specific claims in this case." But unlike here, that case did not involve a *Monell* claim[4] involving a pattern, practice, or custom of mistreating mentally ill inmates. Such a claim necessarily involves instance against other inmates. Hence, relevancy is an entirely different standard in this case. The same goes for the other cases cited by Malone. Malone also notes the inmates' vested privacy interests in the requested materials, citing the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d *et seq* and several cases reiterating this interest. However, Malone provides no justification for withholding the documents rather than simply redacting any identifying information from them.

Vontz argues that under *Hairston v. Fultz*, No. 2:18-CV-1253, 2019 WL 4023550 (S.D. Ohio Aug. 27, 2019) and *Herriges v. Cty. of Macomb*, No. CV 19-12193, 2020 WL 4726940 (E.D. Mich. Aug. 14, 2020) that inmates can be entitled to relevant grievances and "suicide reports" through discovery. In *Hairston*, the plaintiff's request for "*all* informal complaints, grievances, appeals, and administrative investigations filed against [defendant] by inmates and/or staff

---

[4] Referring to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

during his employment as a prison guard" was overbroad, but that complaints that were specifically related to the complained of conduct at issue were discoverable. *Id*. at *3-4. The court also allowed that the defendant "may redact any personal or other identifying information that implicate[s] confidentiality or security concerns." *Id*. at *4.

That said, Vontz's requests for "investigation requests" and reports concerning "mental health and or medical services" under RFP 11 and for grievances "concerning mental health and or medical access" under RFP 12 are overbroad. These requests must be more narrowly tailored to Vontz's specific claims regarding the policies, practices, or customs at Monroe County Jail under Malone's watch. As it stands, these requests more closely resemble a fishing expedition on which to base a *Monell* claim that is heretofore unidentified. Vontz is free to resubmit discovery requests to Malone within the Rules that are more narrowly tailored, and if the requests are not overbroad, Malone may redact information that implicates confidentiality or security concerns before providing the requested reports and grievances. As to RFP 10, <u>this request directly relates to Vontz's complaint and must be produced</u>. Again, confidential information or security concerns may be redacted.

B. Interrogatories 7, 9, 10 and Requests for Production 4, 5, 6, 7, and 8

6

In numbers four through eight of Vontz's first request for the production of documents, he requested "policy, procedures, directives, memorandums [*sic*], etc" regarding inmates' placement in suicide watch, access to mental health or medical services, examinations, and monitoring of psychotropic drug intake. (ECF No. 59-2, PageID.718-719). Malone has withheld these documents based on the potential security concerns involved in disclosing the staff's evaluation of mentally ill or potentially suicidal inmates. (ECF No. 59, PageID.709). In support, Malone has provided a supporting affidavit from Julie Massengill, Monroe County's Jail Administrator, who attests that providing an individual that is currently incarcerated by the Michigan Department of Corrections (MDOC) with these materials would allow inmates "to disguise or embellish their medical status(es) to undermine the Jail's efforts to properly classify inmates and/or place them in observation." (ECF No. 59-5, PageID.743-744). "This could lead to issues with classification, 'no contact' designations, the manipulation of the Jail's suicide prevention and observation programs, and the safety of inmates and staff." (*Id.*, PageID.744).

Vontz responds that these records are "vital" to his claims and that the security risk is non-existent. (ECF No. 63, PageID.816). However, a plaintiff need not show the existence of a written policy in order to establish a *Monell* claim. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–

91 (1978) ("local governments … may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels."). Further, Vontz offers no justification for there being no security risk to providing him these documents, other than him being no longer housed at Monroe County Jail. Moreover, the Jail Administrator credibly cited a security risk due to his incarceration with MDOC, not specifically at the Monroe County facility. This could either be because MDOC facilities have the same or similar policies, or due to the risk that the information will find its way to the relevant facility. Vontz has not rebutted the security risk concern as would warrant his receipt of private or internal documents responsive to these requests. And his "general assertion of relevance does not outweigh the security and safety concerns associated with production." *Perry v. Rousseau*, No. 18-CV-12914, 2019 WL 3561920, at *3 (E.D. Mich. Aug. 6, 2019). <u>However, to the extent that any public documents exist that are responsive to RFPs four through eight, Malone shall provide such documents to Vontz if he has not done so already.</u>

Vontz also argues that if there is a security risk associated with the documents, he should be appointed counsel as he has made a colorable claim but lacks the means to adequately investigate it. *See Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998). But in *Johnson*, the court found the plaintiff's

8

claim colorable "as evidenced by his ability to survive a summary judgment motion." That is not the case here, and Vontz has not otherwise demonstrated the need for appointment of counsel at this time.

Interrogatories 7, 9, and 10 are also at issue. They read as follows:

7. State the procedure in effect during the dates of Feb 5th 2018 thru Nov 7th 2018 for requesting mental health services, if this process is described in any document produce that document.

9. State the procedure for placement of inmates on suicide precautions including the procedure for the periodic monitoring of inmates on psychotropic medications including but not limited to routine blood draws, follow up consultation, medical examinations, or any other needed services as proscribed by the medicines label if this procedure is described in any document produce the document.

10. State the procedure for periodic monitoring of inmates on psychotropic medications including but not limited to routine blood draws, follow up consultations, medical examinations, or any other needed services as proscribed by the medicines label if this procedure is described in any document produce that document.

(ECF No. 59-3, PageID.726-727).

For the reasons stated above, Malone's objections to answering interrogatories nine and ten are upheld, except to the extent that responsive documents or answers are available to the public and have not yet been provided. Regarding interrogatory seven, the Court notes that Malone did not object to this interrogatory on the grounds of prison security, or on any grounds other than Vontz's combination of an interrogatory and a request for production in one discovery request. *See* ECF No. 59-3, PageID.726-727. Furthermore, the security

risk of an inmate knowing the procedure for *requesting* mental health services has not been substantiated.  <u>Therefore, Malone must answer interrogatory seven, and provide any documents responsive to that request.</u>

### C.  Interrogatories 4 and 5

Vontz also argues that Malone operated in bad faith in declining to answer interrogatories four and five, which sought information regarding defendant "Joshua Unknown." (ECF No. 59-3, PageID.724-725).  In response to those interrogatories, Malone stated that he "cannot identify a John Doe Defendant without accompanying information." (*Id.*).  Vontz provided no such accompanying information other than, arguably, the first name of Joshua.  (*Id.*).  The Court agrees that Vontz has not met the burden to compel an answer to these interrogatories and Malone did not act in bad faith for failing to respond.  In in his reply, Vontz identifies the individual in question as Joshua Hotaling.  (ECF No. 63, PageID.816).  Vontz is therefore able to make a discovery request regarding this individual to Malone in the future if he so chooses.

### V.  Conclusion

For the reasons stated above, Vontz's motion to compel (ECF No. 55) is GRANTED IN PART AND DENIED IN PART.  In accordance with Rules 33 and 34, Malone must provide the answers and documents as outlined herein within 30 days of the date of this order.  This includes any public documents responsive to

10

RFPs 4 through 8, appropriately redacted documents responsive to RFP 10, and an answer plus documentation responsive to interrogatory 7.

SO ORDERED.

Dated: October 5, 2021  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 5, 2021.

s/Marie E. Verlinde  
MARIE E. VERLINDE  
Case Manager