UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS VONTZ,

    Plaintiff,

v.

DALE MALONE, in his personal and
official capacity, MICHAEL MITCHEFF,
JANIE JACKSON, STEPHANIE DENEAU,
RACHEL BRUNER, ASHLEY WELLMAN,
and JOSHUA HOTALING, in their personal
capacities,

    Defendants.
_____/

Case No. 2:19-cv-12735
District Judge Terrence G. Berg
Magistrate Judge Kimberly G. Altman

**MEMORANDUM AND ORDER DENYING PLAINTIFF'S
MOTION FOR CONTEMPT OF COURT (ECF No. 88)**

I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Nicholas Vontz, proceeding *pro se*, filed a complaint alleging that during his confinement at the Monroe County Jail as a pretrial detainee, defendants violated his constitutional rights. All pretrial matters were referred to the undersigned. (ECF No. 18). Before the Court is Vontz's Motion for Contempt of Court. (ECF No. 88). For the reasons that follow, the motion will be DENIED.

1

II.     Background

On December 1, 2021, defendants Rachel Bruner, Stephanie Deneau, Janie Jackson, Michael Mitcheff, and Ashley Wellman filed a motion for summary judgment. (ECF No. 74).

Defendant Dale Malone, the Monroe County Sheriff, filed a separate summary judgment motion the same day. (ECF No. 75). Attached to Malone's motion was (1) an affidavit by Julie Massengill, Monroe County Sheriff's Department Jail Administrator; (2) a March 2014 contract to provide health services to inmates between Monroe County and Advanced Correctional Healthcare, Inc. ("ACH"); and (3) a "Jail Diversion Memorandum of Understanding" issued by Monroe County Community Mental Health ("MCCMH"), another private entity that provided mental health services to the jail (ECF No. 75-6).

Vontz filed a response to both motions on December 28, 2021, which runs 12 pages and includes 105 pages of exhibits. (ECF No. 87).

After filing his response, Vontz filed the instant motion on January 14, 2022.[1] Vontz states that on or about December 29, 2021, he received a "replacement affidavit signed by non-party Julie Massengill," which contained

---

[1] The motion is signed and dated January 13, 2022. (ECF No. 88, PageID.1818).

2

"documents of the type" that he had requested in discovery. (ECF No. 88, PageID.1819). He refers to the contractual agreement with ACH and the memorandum by MCCMH accompanying Messengill's affidavit. Vontz argues that both documents would have supported his claims against Malone, "showing that he was not only aware of deficiencys (sic) [in health care] but aquised (sic) them for a considerable length of time." (*Id*., PageID.1820). Vontz states that he was "kept in the dark" until after he was served with the summary judgment motion. (*Id*.). Vontz requests that the Massengill affidavit be excluded "as permitted under Fed. R. Civ. P. 37(c)(1)," and that the Court "impose appropriate sanctions." (*Id*).

### III.   Discussion

### A.

To support this argument that defendants failed to provided documents he requested in discovery, Vontz cites ¶ 6 of his request for production of documents. (*Id*., PageID.1819). That request reads as follows:

> 6.  All policy, procedures, directives, memorandums, etc. concerning inmates access to mental health and or medical services in effect between the dates of Feb 5th 2018 and Nov 7th 2018.

(*Id*., PageID.1823).

Malone responded to this request by initially producing 92 pages of documents on June 30, 2021. (ECF No. 91-2, PageID.1898). In a supplemental

production on July 26, 2021, in response to Vontz's separate request for a "roster of qualified onsite mental health staff employed…by the Monroe County Jail," Malone responded, "Advanced Correctional Healthcare and the Monroe Community Mental Health treated inmates in the Monroe County Jail during the referenced periods of time." (ECF No. 91-3, PageID.1904).

B.

As an initial matter, although Vontz styled the motion as a "Motion for Contempt of Court," it is better construed as a motion for discovery sanctions under Rule 37(c)(1). This is because civil contempt sanctions apply where a party has failed to comply with a court order. *See Elec. Workers Pension Trust Fund v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (citing *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987) (Contempt of court remedies apply "when a court seeks to enforce its order or supervise its judgment."); *see also United States v. United Mine Workers of America*, 330 U.S. 258, 303-304 (1947) (the sanction of civil contempt "may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained."). Here, Vontz had not identified any discovery order or other order that defendants have failed to comply with. Thus, there is no basis to impose contempt sanctions.

C.

Regarding discovery sanctions, Rule 37(c)(1) provides as follows:

c. Failure to Disclose, to Supplement an Earlier Response, or to Admit.

(1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (c), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Further, Rule 34(b)(1)(A) provides that a document request must "describe with reasonable particularity each item or category of items to be inspected."

Here, Vontz's request no. 6 is directed at the Monroe County Jail's policies regarding inmates' access to health care, including mental health care. It does not describe with particularity contractual information with outside providers and does not give reasonable notice that such information was being requested. *See United States v. Quicken Loans, Inc.*, No. 16-cv-14050, 2018 WL 7351682, at *1 (E.D. Mich. June 5, 2018) (a request for documents should not "call on the producing party to engage in a subjective guessing game of whether a document is responsive.") Nor does the inclusion of the general term "etc." in the request satisfy the particularity requirement of Rule 34. *See Edwards v. Scripps Media, Inc.*, No. 20-cv-12816, 331 F.R.D. 116, 124 (E.D. Mich. 2019) (request for "any and all" documents fails the reasonable particularity requirement of Rule 34); *see also Tchun v. 3M Co.*, 2021 WL 5864016, at *1 (E.D. Mich. Oct. 18, 2021)

("Courts have long condemned omnibus 'any and all' document requests.") (citing *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 387-388 (2004)). Thus, defendants did not fail to comply with Vontz's request.

Moreover, as early as July 26, 2021 Malone, in his supplemental discovery responses, informed Vontz that Advanced Correctional Healthcare and the Monroe Community Mental Health provided health care to jail inmates. (ECF No. 91-3, PageID.1904). With that knowledge, Vontz could have requested with particularity the contract information with those entities, but he did not. Instead, he filed the instant motion more than two weeks after he filed his response to the summary judgment motions. In addition, it appears that he initially received Massengill's affidavit along with Malone's summary judgment motion before he filed his response but did not receive the attachments to the affidavit until the day after he filed his response. However, the affidavit itself states that Monroe County Jail had contracts with Advanced Correctional Healthcare and Monroe County Community Mental Health, and adds, "Copies of the respective contracts with each entity have been attached hereto as Exhibits A and B." (ECF No. 75-6, PageID.1285). If Vontz did not receive Massengill's exhibits, he could have sought an extension of time until after he received them to file his response. He did not do so. Instead and without explanation, he filed the present motion on January 14, 2022, more than two weeks after he filed his response to the summary

judgment motions. Under these circumstances, it cannot be said that defendants violated Rule 34 or any other discovery rule. Therefore, Rule 37 sanctions are not warranted.

Finally, even if Rule 37(c)(1) was somehow violated, the Rule does not permit the sanction of excluding evidence if the violation is harmless. Here, Vontz does not clearly explain how the contractual information would help his case, or how its alleged untimely disclosure would harm his case. To the contrary, a Report and Recommendation filed contemporaneously with this Order sets forth multiple grounds for granting summary judgment having nothing to do with the Massengill affidavit or any documents Vontz claims were withheld. These grounds include: (1) Vontz has not alleged a physical injury as required by 42 U.S.C. § 1997e(e) in prisoner cases brought under 28 U.S.C. § 1983; (2) he has not established a Fourteenth Amendment deliberate indifference claim under the standards set forth by the Sixth Circuit in *Brawner v. Scott County, Tenn.*, 14 F. 4th 585 (6th Cir. 2021), and its progeny; and (3) because there is no underlying constitutional violation, the supervisory or municipal claims against Malone, in both his individual and official capacities, must be dismissed.

## IV. Conclusion

For the reasons stated above, Vontz's Motion for Contempt of Court (ECF No. 88) is DENIED.

SO ORDERED.

Dated: April 6, 2022                           s/Kimberly G. Altman
Detroit, Michigan                            KIMBERLY G. ALTMAN
                                                         United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 6, 2022.

                                                       s/Carolyn Ciesla
                                                       CAROLYN CIESLA
                                                       Case Manager