UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS VONTZ,

    Plaintiff,

v.

DALE MALONE, in his personal and
official capacity, MICHAEL MITCHEFF,
JANIE JACKSON, STEPHANIE DENEAU,
RACHEL BRUNER, ASHLEY WELLMAN,
and JOSHUA HOTALING, in their personal
capacities,

    Defendants.
_____/

Case No. 2:19-cv-12735
District Judge Terrence G. Berg
Magistrate Judge Kimberly G. Altman

## MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION TO HOLD PROCEEDINGS IN ABEYANCE (ECF. No 96)

### I.  Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff Nicholas Vontz, proceeding *pro se*, filed a complaint alleging that during his confinement at the Monroe County Jail as a pretrial detainee, defendants violated his constitutional rights.  All pretrial matters were referred to the undersigned. (ECF No. 18).  Before the Court is Vontz's Motion to Hold Proceedings in

1

Abeyance. (ECF No. 96). For the reasons that follow, the motion will be DENIED.

## II. Background

On November 19, 2021, Vontz filed a motion to amend the complaint, noting that a defendant previously known only as "Joshua Unknown" had recently been identified as Joshua Hotaling, a social worker who took part in Vontz's treatment during his confinement at the jail. (ECF No. 77, PageID.1626-1627).

Meanwhile, on December 1, 2021, Defendants Rachel Bruner, Stephanie Deneau, Janie Jackson, Michael Mitcheff, and Ashley Wellman ("Medical Defendants") filed a motion for summary judgment in conformance with the Court's December 1, 2021 deadline for filing dispositive motions. (ECF No. 74). Defendant Dale Malone filed a separate summary judgment motion the same day. (ECF No. 75).

Malone and the Medical Defendants filed responses to the motion to amend the complaint on December 6 and December 8, 2021 respectively, requesting that the motion to amend, if granted, be conditioned on limiting all subsequent discovery to Vontz's claims against Hotaling. (ECF No. 79, PageID.1640; ECF No. 80, PageID.1645-1646).

On December 8, 2021, the Court granted in part Vontz's motion to amend the complaint, stating that "Discovery shall be extended for **60 days and will be exclusively related to Hotaling**. Discovery related to the other defendants shall not be permitted." (ECF No. 81, PageID.1657) (Boldface in original). The Court stated further that the discovery would not delay its decision on the remaining defendants' summary judgment motions. (*Id.*).

Vontz filed the amended complaint on December 15, 2021, alleging in relevant part that on March 12, 2018, Hotaling removed Vontz from "suicide precautions" without having interviewed him or assessing his condition. (ECF No. 86, PageID.1694). Vontz states that his subsequent requests to speak with Hotaling were ignored. (*Id.*). He states further that Hotaling informed him that Vontz's "mental health crisis did not warrant a [mental health] referral." (*Id.*, PageID.1695). The allegations against the remaining defendants, all of whom had filed summary judgment motion two weeks earlier, remained unchanged.

### III.   Discussion

#### A.

In moving to hold the case in abeyance, Vontz notes that he recently served discovery requests on Hotaling and that he "believes that the discovery answers" from Hotaling "will contain facts and evidence that will support his response" to the summary judgment motions filed by the remaining defendants in this case.

3

(ECF No. 96, PageID.2002); *see* ECF Nos. 74-75. He asks the Court to hold proceedings in abeyance until the conclusion of discovery and allow him 30 days after the close of discovery to file an amended response to the motions for summary judgment. (ECF No. 96, PageID.2002).

Defendants filed separate responses in opposition to the motion. (ECF Nos. 97, 98). Both responses present essentially the same arguments. First, they argue that the pending motions for summary judgment provide grounds for dismissal regardless of Hotaling's discovery responses. They further note that in permitting Vontz to file an amended complaint naming Hotaling, the Court clearly limited discovery to the claims against Hotaling. Finally, they argue that Vontz has not shown good cause for a change in the Court's prior scheduling order, and suggest that Vontz's motion appears to be a delay tactic to prevent consideration of the pending summary judgment motions.

B.

The Court agrees with defendants' position that there is no reason to hold the case in abeyance. Granting Vontz's motion to amend his complaint to include Hotaling was predicated on limiting discovery to that defendant alone, and the order stated that discovery related to the other defendants would not be permitted. (ECF No. 81, PageID.1657). Defendants are also correct that the bases for dismissal offered in their respective motions for summary judgment would not be

4

affected by any discovery responses by Hotaling. In sum, Vontz has not shown that holding the case in abeyance is necessary or reasonable under the circumstances.

### IV.    Conclusion

For the reasons stated above, Vontz's motion to hold the case in abeyance is DENIED.

SO ORDERED.

Dated: April 6, 2022                                    s/Kimberly G. Altman
Detroit, Michigan                                       KIMBERLY G. ALTMAN
                                                        United States Magistrate Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 6, 2022.

                                                        s/Carolyn Ciesla
                                                        CAROLYN CIESLA
                                                        Case Manager