UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **NICHOLAS VONTZ,**<br><br>Plaintiff,<br><br>vs.<br><br>**DALE MALONE, ET AL.,**<br><br>Defendants. | 2:19-CV-12735-TGB-KGA<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (ECF NO. 101)** |

*Pro se* Plaintiff Nicholas Vontz filed a complaint alleging that during his approximately eight-month confinement at the Monroe County Jail as a pretrial detainee, Defendants violated his constitutional rights. Defendants Rachel Bruner, Jamie Jackson, Michael Mitcheff, Stephanie Russeau (Deneau), and Ashley Wellman moved for summary judgment (ECF No. 74), and Defendant Dale Malone moved for judgment on the pleadings and/or summary judgment (ECF No. 75).

This matter is now before the Court on Magistrate Judge Altman's April 6, 2022 Report and Recommendation ("R&R") (ECF No. 101), recommending that Defendants' Motion for Summary Judgment (ECF No. 74) and Motion for Judgment on the Pleadings/Motion for Summary Judgment (ECF No. 75) be granted. Plaintiff has filed Objections to the R&R (ECF No. 103), and Defendants have responded. (ECF Nos. 105,

106). The Court concludes that the R&R should be **ACCEPTED** and **ADOPTED**.

## I. INTRODUCTION

On February 5, 2018, Plaintiff was arrested "and transferred to [Monroe County Jail] after a failed suicide attempt." Plaintiff's Amended Complaint, ECF No. 86, PageID.1692. Plaintiff was housed in an observational cell on suicide prevention until February 7, 2018, after posting bond. *Id*. Plaintiff alleges that he was subjected to subfreezing temperatures, and that due to policies enacted by former Monroe County Sheriff Dale Malone, Plaintiff was stripped naked, placed in a suicide gown, and forced to sleep on a bare concrete floor with only a five-foot square inch suicide blanket for two days. *Id*. Between February 22 and March 8, 2018, while he was on bond, Plaintiff sought mental health services from Western Wayne Community Health Center, where Dr. Alireza Amirsadri prescribed a 15 mg. daily dose of Remeron, an anti-depressant, to treat Plaintiff's anxiety. *Id*. at PageID.1693. Plaintiff was re-arrested on March 9, 2018 and returned to the Monroe County Jail where he was again placed on suicide watch. *Id*.

On March 12, Plaintiff began his prescribed Remeron medication regimen, taking 15 mg. once daily. *Id*. at PageID.1694. On or about March 17, his Remeron prescription was increased to 30 mg. twice daily. Plaintiff alleges "on information and belief" that Defendant Mitcheff

authorized the increase without consulting him, and that the dosage exceeded the amount "allowed by F.D.A. restrictions." *Id*.

Between March and November of 2018, Plaintiff alleges that he made numerous requests to Defendants Jackson, Russeau (Deneau), Bruner, and Wellman to speak to mental health providers. Plaintiff alleges that Defendants ignored his requests. *Id*. at PageID.1693–94.

Accordingly, Plaintiff claims that Defendants Jackson, Bruner, Russeau (Deneau), and Wellman failed to ensure that he "received timely and competent mental health care" and that Defendant Malone "failed to adopt and implement adequate polices" concerning proper mental health care and treatment. *Id*. at PageID.1695–96.

## II.  LEGAL STANDARD

The Court has reviewed the Magistrate Judge's Report and Recommendation and finds that it is well-reasoned and supported by the applicable law. The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendation. 28 U.S.C. § 636(b)(1). The district court will make a "*de novo* determination of those portions of the report . . . to which objection is made." *Id*. The district court is both statutorily and constitutionally required to conduct a *de novo* review of a magistrate judge's report and recommendation upon objection from the parties. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, the Court need only review "those portions of the report or specified proposed

3

findings or recommendations to which [an] objection is made." 28 U.S.C. § 636(b); *see also Garrison v. Equifax Info. Servs., LLC*, No. 10–13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985))).

### III.  DISCUSSION

Plaintiff has raised four objections to the Magistrate Judge's Report and Recommendation ("R&R"). The Court addresses each individually.

First, Plaintiff objects to the R&R's characterization of his claim. Plaintiff argues that the "basis of his claim is that [his] requests for mental health went ignored, . . . and that by failing to order periodic examinations[,] [Defendant Mitcheff] placed the Plaintiff at risk of substantial harm." Plaintiff's Objections to the R&R, ECF No. 103, PageID.2078. Plaintiff argues that the R&R misconstrues his claim as whether Defendant Mitcheff was "deliberately indifferent due to the overprescribing of a[n] anti-psyc[h]otic." *Id.* Plaintiff also contests the fact of whether he received any mental health treatment. *Id.*

To the contrary, the Court finds that the R&R appropriately framed the grounds for Plaintiff's claim against Dr. Mitcheff in a manner consistent with Plaintiff's Amended Complaint. Indeed, the R&R explicitly states that Plaintiff has alleged "Dr. Mitcheff improperly prescribed a dosage of Remeron that exceeded FDA guidelines . . . without personally examining or consulting with Vontz." R&R, ECF No. 101,

4

PageID.2054; *see also* ECF No. 86, PageID.1694, ¶ 30. Plaintiff states that he made "numerous verbal requests to Defendants Jackson, Deneau, Bruner, and Wellman, to see qualified mental health staff" and that those requests were ignored," ECF No. 86, PageID.1694, ¶31, placing Plaintiff at a "substantial and unreasonable risk of harm." *Id.* at ¶39. The R&R expressly notes these facts, but ultimately concludes that these allegations are insufficient to establish a viable Fourteenth Amendment due process claim because Plaintiff cannot prove that Defendants acted with deliberate indifference, a prerequisite for surviving summary judgment. *See Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) ("This Court has 'historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" (quoting *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013))). Therefore, Objection 1 is overruled.

Second, Plaintiff objects to the dismissal of this case because it is "contrary to the factual record." ECF No. 103, PageID.2078. The record indicates that on September 15, 2018, Plaintiff filed a kite/grievance with the main jail stating he had been "denied any even basic form of mental health care" and "prescribed medication without a doctors authorization." ECF No. 75-7, PageID.1311. In response, jail staff instructed Plaintiff to "kite medical staff." *Id.* There is no record evidence that Plaintiff actually requested additional mental health care treatment from medical staff. Plaintiff does not state how the evidence he has proffered proves that

5

Defendants acted with deliberate indifference, which as discussed, is the legal prerequisite for a pretrial detainee to raise a cognizable Fourteenth Amendment claim. Nor does Plaintiff explain *how* the R&R's findings are contrary to the record. As Defendants correctly point out, an objection "that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Therefore, Objection 2 is overruled.

Third, Plaintiff objects to the R&R on the grounds that it overlooked the entirety of the claim against Defendant Malone and instead focused solely on Plaintiff's cell conditions. The Court finds Plaintiff's third objection meritless. The R&R expressly states that Plaintiff makes two claims against Malone:

> First, he alleges that "due to the policies enacted by defendant Dale Malone," he was subjected to harsh conditions while on suicide watch, including being placed in a suicide gown, being denied a mattress, and being forced to sleep on the floor in freezing temperatures. (ECF No. 86, PageID.1692-1693). Second, Vontz alleges that Malone failed to adopt policies providing for adequate mental health care. (*Id.*, PageID.1695-1696).

ECF 101, PageID.2058. The R&R recommends dismissing Plaintiff's claim that Defendant Malone failed to enforce policies regarding mental health care because Plaintiff has not established an underlying Fourteenth Amendment violation. *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001) ("If no constitutional violation by the

6

individual defendants is established, the municipal defendants cannot be held liable under § 1983." (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986))). Specifically, Magistrate Judge Altman concluded that Plaintiff failed to provide evidence that any of the named "defendants subjectively knew that their failure to request additional mental health services would pose a serious risk, and that they ignored that risk." ECF No. 101, PageID.2057. Accordingly, Objection 3 is overruled.

Fourth, Plaintiff objects to Magistrate Judge Altman's suggested ruling on issue preclusion, on the grounds that the R&R misconstrues "the issue at hand." ECF No. 103, PageID.2079. The R&R concluded that Plaintiff "is collaterally estopped from asserting that a 60 mg. daily dosage of Remeron, in excess of the F.D.A. recommended daily dosage of 45 mg., is a *per se* violation of F.D.A. regulations or that it necessarily falls outside the scope of a doctor's medical judgment." ECF No. 101, PageID.2064. According to Plaintiff, the issue is "not whether [he] was overpre[s]cribed medication, but whether or not his serious mental health needs went ignored, and [whether] the [Defendants'] policies or lack thereof [were] the driving force behind the violations." ECF No. 103, PageID.2079. Even construing Plaintiff's objection liberally, Plaintiff's objection is difficult to decipher. The doctrine of collateral estoppel, or issue preclusion, simply prevents Plaintiff from seeking summary judgment on grounds that a 60 mg. daily dosage of Remeron alone is sufficient to prove deliberate indifference. Such a finding does not in and

of itself preclude finding that Plaintiff's mental health needs went ignored or that Monroe County policies violated Plaintiff's constitutional rights. Those claims have been dismissed on other grounds for reasons thoroughly explained in the R&R. Therefore, Objection 4 is overruled.

Finally, Plaintiff objects to the R&R's suggested dismissal of his claims under 42 U.S.C. 1997e(e), contending that it is contrary to clearly established law. Plaintiff merely restates his previous arguments in a conclusory fashion without any explanation as to how the R&R's findings are erroneous. As mentioned before, an objection "that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich*, 327 F. Supp. 2d at 747. The Court agrees that Plaintiff has failed to establish physical injury, and thus his claims must be dismissed under Section 1997e(e). Objection 5 is overruled.

Accordingly, it is hereby **ORDERED** that Magistrate Judge Altman's Report and Recommendation (ECF No. 101) is **ACCEPTED** and **ADOPTED**, and therefore, Defendants Mitcheff, Jackson, Russeau (Deneau), Bruner, Wellman, and Malone's Motions for Summary Judgment (ECF Nos. 74, 75) are **GRANTED.** Plaintiff's claims against these Defendants are **DISMISSED WITH PREJUDICE**. Plaintiff's claims against Defendants Jane/John Does and Joshua Hotaling remain.

**IT IS SO ORDERED.**

| | |
|---|---|
| Dated: September 12, 2022 | s/Terrence G. Berg<br>TERRENCE G. BERG<br>UNITED STATES DISTRICT JUDGE |